IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEROME SCHMIDT,

                  Plaintiff,                          ORDER

    v.

                                                        14-cv-115-jdp

CAROLYN W. COLVIN,
Commissioner of the Social
Security Administration,

                  Defendant.

---

    Plaintiff Jerome Schmidt seeks judicial review of a final decision of the Commissioner of Social Security finding him not disabled within the meaning of the Social Security Act. For reasons stated more fully at the oral argument on February 17, 2015, the court will deny plaintiff's motion for summary judgment and affirm the Commissioner's decision.

    Plaintiff raises two objections to the Commissioner's decision. First, plaintiff contends that the ALJ erred in assigning "little weight" to the opinion of Dr. Kirkhorn. Plaintiff contends that the ALJ should have credited Dr. Kirkhorn's opinion that plaintiff could work only four hours a day, largely because Dr. Kirkhorn examined plaintiff, whereas the state agency medical consultants did not. Despite the assertions of plaintiff's counsel at oral argument, the ALJ can give greater weight to state agency consultants than to a physician who examined the claimant if that weight is supported by substantial evidence. *See, e.g., Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008); *see also* SSR 96-6p.

    The ALJ's explanation of why he did not credit Dr. Kirkhorn's opinion that plaintiff could work only four hours a day is not flawless, but it is adequate. *Luster v. Astrue*, 358 F. App'x 738, 740 (7th Cir. 2010); *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008). The ALJ explained that Dr. Kirkhorn did not have any treating relationship with plaintiff and he examined him

only once. The ALJ found that Dr. Kirkhorn's assessment was inconsistent with other evidence in the record—namely, the lack of objective medical findings and physical exam findings before Dr. Kirkhorn's examination. The ALJ described this evidence in detail for nearly three full single-spaced pages. R.20-22. At oral argument, counsel for the Commissioner directed the court to multiple pinpoint citations to medical evidence inconsistent with Dr. Kirkhorn's appraisal. The inclusion of pinpoint citations in the ALJ's decision would have been helpful. But the court will not reject the Commissioner's argument as a post-hoc justification, because the ALJ discussed the contrary medical evidence so thoroughly. The ALJ also noted that no treating physician had recommended physical work limitations or determined that plaintiff was unable to work, a point plaintiff does not challenge.

The ALJ also criticized Dr. Kirkhorn's opinion because Dr. Kirkhorn did not do "any functional testing that is generally done during disability assessments." R. 23. As counsel for the Commissioner conceded, the ALJ did not adequately explain what kind of examination was lacking. Dr. Kirkhorn tested plaintiff's strength and range of motion (R. 623); if the ALJ expected more, he should have explained. Accordingly, the court will disregard this aspect of the ALJ's criticism of Dr. Kirkhorn. But even without this point, the ALJ provided adequate reasons under § 1527(c) for giving less weight to Dr. Kirkhorn's opinion.

Plaintiff's second objection is that the ALJ erred in assessing plaintiff's credibility. A reviewing court reviews an ALJ's credibility determinations with considerable deference, reversing those determinations only when they are so lacking in explanation and support that they can be described as "patently wrong." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The ALJ may not, however, discount a claimant's description of subjective symptoms merely because they are unsupported by objective evidence. *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009). The ALJ in this case did not reject plaintiff's description of his pain because it was

2

unsupported by objective evidence (although that was also a factor). The ALJ found plaintiff less than fully credible because plaintiff had been dishonest. As the ALJ explained, plaintiff had: misappropriated his son's SSI benefits; applied for unemployment benefits (which required him to state that he was able and willing to work) at the same time that he alleged disability; and not been forthright in admitting his drug use. R. 22. The ALJ is in the best position to determine plaintiff's credibility. This court will not reverse that determination when it is supported by sound reasons, as it is in this case.

Perfection is not a realistic standard for the work of a busy ALJ hearing Social Security appeals. In this case, the shortcomings the ALJ's decision are relatively minor. And, had the ALJ been even more thorough, he could have come up with more reasons to discount Dr. Kirkhorn's opinion. As counsel for the Commissioner pointed out at oral argument, Dr. Kirkhorn's evidence is internally inconsistent: for example, his consultation notes say that plaintiff could do "light work," R. 626, whereas the questionnaire says "sedentary," R. 619.[1] Although the ALJ noted this discrepancy at the hearing, he did not cite it as a reason to discount Dr. Kirkhorn's opinion. This court will regard this point as a post hoc argument, but it does suggest that any of the ALJ's minor errors are harmless ones. Remand for a fuller articulation of the ALJ's reasoning would be a make-work exercise because the ALJ would almost certainly reach the same result. *See McKinzey v. Astrue*, 641 F.3d 884, 891-92 (7th Cir. 2011) (finding "the ALJ's oversight harmless because although she failed to articulate her reasons for rejecting a portion of Dr. Vincent's opinion . . . the proper place of that opinion in the context of the other evidence is clear. It would serve no purpose to remand this case to the ALJ for a statement of the obvious."); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or

---

[1] Plaintiff's counsel contended at oral argument that the questionnaire must have been provided as follow-up to a request for clarification of ambiguities or gaps in the consultation notes. But this is belied by the documents themselves, which both have the same date.

common sense requires [this Court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Jerome Schmidt's application for disability benefits is AFFIRMED and plaintiff Jerome Schmidt's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered February 19, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge